**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JONES LANG LASALLE AMERICAS, INC., | ) ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Case No. 20-cv-03540 |
| | ) | |
| v. | ) | Hon. Rebecca Pallmeyer |
| | ) | |
| DAVID MARTIN, | ) | Hon. Mag. Jeffrey Cole |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**<u>MOTION FOR ENTRY OF JUDGMENT</u>**

On July 21, 2023, the Court granted JLL's Renewed Motion for Summary Judgment (Dkt. No. 130) and denied Defendant David Martin's ("Martin") Renewed Motion for Partial Summary Judgment (Dkt. No. 127). July 21, 2023 Order (Dkt. No. 158). On August 24, 2023, the Court then ordered "Plaintiff to submit a proposed form of judgment, limited to amounts owed to Plaintiff that do not include the cost of enforcing Plaintiff's rights to collect on the promissory note." (Dkt. No. 165.) In accordance with the Court's August 24, 2023 Order, JLL has prepared the attached Proposed Judgment (Exhibit 1) for entry in this matter. In support of entry of its Proposed Judgment, JLL states as follows:

1.      In April 2018, JLL agreed to give Martin a forgivable loan in the amount of $1,000,000.00 pursuant to the terms of a Promissory Note. (*See* Promissory Note, attached hereto as Exhibit 2.) The Promissory Note was later amended to reflect an additional $375,000.00 loan payment from JLL to Martin in October 2018. (*See* Amended Promissory Note, attached hereto as Exhibit 3.) Martin received a total of $1,375,000.00 from JLL pursuant to the Promissory Note and Amended Promissory Note (together, the "Promissory Notes"), which the Promissory Notes define as the "Principal." (*See* Ex. 2 § 1; Ex. 3 § 1.)

2.      Pursuant to the Promissory Notes, "[i]nterest shall accrue annually on the balance of the Debt from the date Holder makes the payment to Maker at the IRS required minimum rate for employee loans . . . Interest will be calculated annually and added to the unpaid Principal then outstanding (the 'Debt')." (*See* Ex. 2 § 1; Ex. 3 § 1.)

3.      Martin was paid $1,000,000.00 pursuant to the Promissory Note on May 4, 2018 (Martin May 4, 2018 Pay Statement, attached hereto as Exhibit 4), when the IRS required minimum rate was 2.69% (Rev. Rul. 2018-12, attached hereto as Exhibit 5.) Between May 4, 2018, and December 31, 2018 (241 total days), the $1,000,000.00 Principal accrued $17,761.37 in interest.[1]

4.      Martin was paid the additional $375,000.00 under the Amended Promissory Note on December 28, 2018 (December 27, 2018 email, attached hereto as Exhibit 6 ("These are set to be paid out tomorrow.")), when the IRS required minimum rate was 3.07% (Rev. Rul. 2018-30, attached hereto as Exhibit 7.) Between December 28, 2018, and December 31, 2018 (3 total days), the $375,000.00 of Principal accrued $94.62 in interest.[2]

5.      The Promissory Notes provide that the "Debt will be forgiven at a rate of . . .. eight percent (8%) per dollar of revenue attributable to [Martin] for which cash has been collected in accordance with Exhibit A to the Agreement," in calendar years 2017 through 2022. (*See* Ex. 2 § 2; Ex. 3 § 2.)

6.      Martin's Employment with JLL began in April 2018. (Martin Employment Agreement, attached hereto as Exhibit 8.)  Between April 1, 2018, and December 31, 2018, $218,775.00 of revenue was attributable to Martin. (Martin 2018 ERC, attached hereto as Exhibit 9.) Based on this amount of revenue, JLL should have forgiven $17,502.00 of Martin's Debt

---

[1] $1,000,000.00 x ((2.69%/365 days) x 241 days) = $17,761.37
[2] $375,000.00 x ((3.07%/365 days) x 3 days) = $94.62

pursuant to § 2 of the Promissory Notes.[3] However, JLL actually forgave $17,818.02 of Martin's Debt in 2018. (*See* Martin 2018 Loan Statement, attached hereto as Exhibit 10.)

7.  Based on the above interest and forgiveness calculations for 2018, Martin's total Debt at the end of 2018 was $1,375,037.97,[4] with $999,943.35 of Debt from the Promissory Note,[5] and $375,094.62 of Debt from the Amended Promissory Note.[6]

8.  In 2019, the Debt under the Promissory Note accrued an additional $26,898.48 in interest.[7]

9.  In 2019, the Debt under the Amended Promissory Note accrued an additional $11,515.40 in interest.[8]

10.  In 2019, $1,019,817.84 of revenue was attributable to Martin. (Martin 2019 ERC, attached hereto as Exhibit 11.) Based on this amount of revenue, JLL should have forgiven $81,585.43 of Martin's Debt pursuant to § 2 of the Promissory Notes.[9] However, JLL actually forgave $92,547.33 of Martin's Debt in 2019. (*See* Martin 2019 Loan Statement, attached hereto as Exhibit 12.)

11.  Based on the above interest and forgiveness calculations for 2019, Martin's total Debt at the end of 2019 was $1,320,904.52,[10] with $934,294.50 of Debt from the Promissory Note,[11] and $386,610.03 of Debt from the Amended Promissory Note.[12]

---

[3] $218,775.00 x 8% = $17,502.00
[4] $1,3750,000.00 + ($17,761.37 + $94.62) - $17,818.02 = $1,375,037.97
[5] $1,000,000.00 + $17,761.37 - $17,818.02 = $999,943.35
[6] $375,000 + $94.62 = $375,094.62
[7] $999,943.35 x 2.69% = $26,898.48
[8] $375,094.62 x 3.07% = $11,515.40
[9] $1,019,817.84 x 8% = $81,585.43
[10] $1,375,037.97 + ($26,898.48 + $11,515.40) - $92,547.33 = $1,320,904.52
[11] $999,943.35 + $26,898.48 - $92,547.33 = $934,294.50
[12] $375,094.62 + $11,515.40 = $386,610.03

12. The Promissory Notes provide that "[i]f the loan is not forgiven by December 31, 2024, or if [Martin] resigns without Good Reason . . . (as … defined in the Agreement) (together, the 'Due Date') before the loan is forgiven in its entirety, the Debt will become due immediately and payable within thirty (30) days after the Due Date." (*See* Ex. 2 § 3; Ex. 3 § 3.) The Promissory Notes further provide that "[i]f Maker fails to repay the Debt within thirty (30) days following the Due Date ("Default"), any outstanding portion of the Debt shall bear interest at the rate of ten percent (10%) per annum." (*See* Ex. 2 § 4; Ex. 3 § 4.)

13. As the Court determined in its Order granting JLL's Renewed Motion for Summary Judgment, Martin resigned from JLL without Good Reason on February 29, 2020. (Dkt. 158 ("Because a reasonable jury could not find that Martin resigned with 'Good Reason' as defined by his Employment Agreement, he has no justification for failing to pay back his loan, and thus has breached the terms of his Promissory Note.").) Accordingly, Martin was required to repay the Debt by March 30, 2020. (*See* Ex. 2 § 4, Ex. 3 § 4.)

14. Until March 30, 2020, the Debt continued to accrue interest at the IRS required minimum rates. (*See* Ex. 2 §§ 1, 4; Ex. 3 §§ 1, 4.) From January 1, 2020, to March 30, 2020 (90 total days), the Debt under the Promissory Note accrued $6,180.13 in interest.[13]

15. From January 1, 2020, to March 30, 2020 (90 total days), the Debt under the Amended Promissory Note accrued $2,918.59 in interest.[14]

16. In 2020, $188,439.56 of revenue was attributable to Martin. (Martin 2020 ERC, attached hereto as Exhibit 13.) Based on this amount of revenue, JLL should have forgiven $15,075.16 of Martin's Debt pursuant to §2 of the Promissory Notes.[15] However, JLL actually

---

[13] $934,294.50 x ((2.69%/366 days) x 90 days) = $6,180.13
[14] $386,610.03 x ((3.07%/366 days) x 90 days) = $2,918.59
[15] $188,439.56 x 8% = $15,075.16

4

forgave $15,813.99 of Martin's Debt in 2020. (*See* Martin 2020 Loan Statement, attached hereto as Exhibit 14.)

17.    Based on the above interest and forgiveness calculations for 2020, on March 30, 2020, Martin's total Debt was $1,314,189.25,[16] with $924,660.63 of Debt from the Promissory Note,[17] and $389,528.62 of Debt from the Amended Promissory Note.[18]

18.    Beginning on March 31, 2020, the annual interest rate applicable to the Debt increased from the IRS required minimum rate to the Default rate of 10%. (*See* Ex. 2 § 4; Ex. 3 § 4.)

19.    From March 31, 2020, to December 31, 2020 (276 total days), $99,102.80 in Default interest accrued on Martin's Debt.[19] Accordingly, the balance of Martin's Debt at the end of 2020 was $1,413,292.05.[20]

20.    In 2021, $141,329.20 in Default interest accrued on Martin's Debt.[21] Accordingly, the balance of Martin's Debt at the end of 2021 was $1,554,621.25.[22]

21.    In 2022, $155,462.13 in Default interest accrued on Martin's Debt.[23] Accordingly, the balance of Martin's Debt at the end of 2022 was $1,710,083.38.[24]

---

[16] $1,320,904.52 + ($6,180.13 + $2,918.59) - $15,813.99 = $1,314,189.25
[17] $934,294.50 + $6,180.13 - $15,813.99 = $924,660.63
[18] $386,610.03 + $2,918.59 = $389,528.62
[19] $1,314,189.25 x ((10%/366 days) x 276 days) = $99,102.80
[20] $1,314,189.25 + $99,102.80 = $1,413,292.05
[21] $1,413,292.05 x 10% = $141,329.20
[22] $1,413,292.05 + $141,329.20 = $1,554,621.25
[23] $1,554,621.25 x 10% = $155,462.13
[24] $1,554,621.25 + $155,462.13 = $1,710,083.38

22. From January 1, 2023, to September 13, 2023 (256 total days), $119,940.09 in Default interest accrued on Martin's Debt.[25] Accordingly, the balance of Martin's Debt as of the filing of this Motion is $1,830,023.47.[26]

23. The Default interest on Martin's Debt will continue to increase at the rate of $468.52 per day.[27]

24. If Martin still has not repaid his Debt by December 31, 2023, Martin's Debt will need to be recalculated in accordance with Section 1 of the Promissory Notes. (See Ex. 2 § 1; Ex. 3 § 1.) The balance of Martin's Debt at the end of 2023 will be $1,881,091.72.[28] In 2024, Martin's Debt will accrue an additional $515.37 in Default interest every day.[29]

25. In addition to the balance of the Debt, Martin is responsible for outstanding payroll taxes. Section 2 of the Promissory Notes provide:

> [JLL] will treat the Debt as it is forgiven as wages, and [Martin] is required to pay his employee portion of associated payroll taxes and deductions, and [JLL] will pay its employer portion of associated taxes. [JLL] will withhold the taxes and deductions from [Martin's] compensation, if any, consistent with [JLL's] regular payroll schedule as amended from time to time. If [Martin's] compensation is insufficient to satisfy the taxes and withholdings, [Martin] must choose and confirm through appropriate written documentation from [JLL] to (a) pay to [JLL] the amount of such deductions, or (b) have [JLL] withhold deductions from subsequent payroll payments, as allowed by law.

(*See* Ex. 2 §2; Ex. 3 § 2.)

26. As detailed above, $126,179.43 of Martin's Debt was forgiven between 2018 and 2020.[30] Pursuant to the express terms of the Promissory Notes, Martin was taxed on this forgiveness as an employee of JLL. Each year, JLL remitted such taxes on Martin's behalf.

---

[25] $1,710,083.38 x ((10%/365 days) x 256 days) = $119,940.09
[26] $1,710,083.38 + $119,940.09 = $1,830,023.47
[27] $1,710,083.38 x ((10%/365 days) x 1 day) = $468.52
[28] $1,710,083.38 + ($1,710,083.38 x 10%) = $1,881,091.72
[29] $1,881,091.72 x ((10%/365 days) x 1 day) = $515.37
[30] $17,818.02 + $92,547.33 + $15,813.99 = $126,179.43

However, JLL failed to withhold an amount sufficient to cover Martin's total tax liability from Martin's commission payments, and $4,582.70 remains due to JLL. (*See* Ex. 14.)

27.     As of the filing of this Motion, the balance of Martin's Debt plus his unsatisfied tax obligation totals $1,834,606.17.[31]

28.     In order to better assist the Court, JLL hereby requests leave to submit to the Court via email an Excel file in native format that details the calculations set forth in this Motion.

**WHEREFORE**, JLL respectfully requests that the Court grant its Motion for Entry of Judgment and enter the attached Proposed Judgment in JLL's favor.

Dated: September 13, 2023                              Respectfully submitted,

By:     s/ *Tyler L. Salway*
        Tiffany S. Fordyce (Attorney No. 235063)
        fordycet@gtlaw.com
        Tyler L. Salway (Attorney No. 6330381)
        salwayt@gtlaw.com
        Greenberg Traurig, LLP
        77 West Wacker Drive, Suite 3100
        Chicago, Illinois 60601
        Tel: (312) 456-8400

        *Attorneys for Jones Lang LaSalle*
        *Americas, Inc.*

---

[31] $1,830,023.47 + $4,582.70 = $1,834,606.17

7